SEAN P. REIS (SBN 184044)
sreis@edelson.com
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2124

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
CHRISTOPHER DORE*
cdore@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

**pro hac vice* application to be filed

[Additional counsel appearing on signature page]

*Counsel for Plaintiff and the putative class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY HOUSE, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation, <br><br> *Defendant*. | Case No. **'13CV0685 L    BLM** <br><br> **CLASS ACTION COMPLAINT** |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Rosemary House brings this class action complaint against Defendant NCO Financial Systems, Inc., to stop Defendant's practice of making unsolicited telephone calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. Defendant NCO Financial Systems, Inc. is debt collector.

2. Defendant repeatedly made unsolicited telephone calls to Plaintiff's and the other putative Class member's cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

3. Neither Plaintiff Rosemary House, nor the other members of the proposed Class, ever provided the cellular telephone numbers on which they received calls to Defendant for any purpose related to a debt, nor did they provide consent to have Defendant make telephone calls to those telephone numbers.

4. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and the monies paid to their wireless carriers for the receipt of such telephone calls.

5. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Rosemary House is a natural person and citizen of the State of California.

7. Defendant NCO Financial Systems, Inc. is a corporation organized and existing

under the laws of the State of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO Financial Systems does business throughout the United States, the State of California and in this District.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute.

9. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District including making telephone calls to consumers located in this District and collecting payments from consumers living in this District.

## COMMON FACTUAL ALLEGATIONS

10. Defendant placed and continues to place repeated and harassing phone calls to consumers who allegedly owe a debt held by Defendant, or held by a third party on whose behalf Defendant is acting, and who never provided the number called to Defendant for any purpose related to an outstanding debt or any transaction underlying a debt.  Instead, Defendant acquires phone numbers through various means such as "skip tracing" or "number trapping."

11. Defendant has placed calls for the purpose of alleged debt collection to thousands of consumers in the past four years.

12. For example, starting in 2008, Plaintiff received hundreds of phone calls from Defendant on her cellular telephone seeking to collect a debt. The calls continued through late 2012, and only ceased when Plaintiff changed her cellular telephone number.

13. The $49.95 debt Defendant repeatedly called to collect was allegedly for a trial membership that Plaintiff supposedly signed up for over the phone; however, Plaintiff did not sign up for any such membership. When Plaintiff requested that Defendant substantiate the debt, Defendant could not provide an answer. Plaintiff further informed Defendant that it was calling her cellular telephone.

14. Plaintiff requested, on numerous occasions, that Defendant stop placing calls to her

cellular telephone. Yet, following such requests, Defendant continued to call over and over again.

15. Defendant placed calls to Plaintiff from at least the following numbers: (800) 227-4000 and (866) 429-3592.

16. Plaintiff never provided her telephone number to Defendant, never consented to receive telephone calls from Defendant at that number, and did not provide that telephone number to any third party related to Defendant or related to the alleged debt Defendant sought to collect.

17. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

18. Plaintiff never consented to, requested, or otherwise desired or permitted Defendant to make telephone calls to her cellular telephone number, nor did Plaintiff provide Defendant with her cellular telephone number in any capacity.

19. Defendant was and is aware that the above described telephone calls were and are being made to consumers without those consumers' prior express consent.

## CLASS ALLEGATIONS

20. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a class (the "Class") defined as follows:

> Any person in the United States to whom Defendant (1) placed a call in connection with the collection of a debt; (2) to a cellular telephone number; (3) on which the individual called never consented to receive telephone calls from Defendant.

21. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has made telephone calls to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

22. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

23.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

24.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)     whether Defendant's conduct constitutes a violation of the TCPA;

    (b)     whether the equipment Defendant used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    (c)     whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls; and

    (d)     whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

25.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision

by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

26. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

27. Defendant made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class without their prior express consent to receive such calls.

28. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

29. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Class simultaneously and without human intervention.

30. By making the unsolicited telephone calls to Plaintiff and the Class's cellular telephones without prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

31. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

32. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rosemary House, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Rosemary

House as the representative of the Class, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 21, 2013

By: /s/ Sean P. Reis
One of her Attorneys

SEAN P. REIS (SBN 184044)
sreis@edelson.com
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2124

JAY EDELSON*
jedelson@edelson.com
RAFEY S. BALABANIAN*
rbalabanian@edelson.com
BENJAMIN H. RICHMAN*
brichman@edelson.com
CHRISTOPHER DORE*
cdore@edelson.com
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370

D. FRANK DAVIS*
fdavis@davisnorris.com
JOHN E. NORRIS*
jnorris@davisnorris.com
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, AL 35205
Telephone: (205) 930-9900

*pro hac vice application to be filed